GISKAN SOLOTAROFF & ANDERSON LLP
11 Broadway, Suite 2150
New York, New York 10004
(646) 964-9640
Jason L. Solotaroff
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

GIOVANNI MIRANDA,

                Plaintiff,                Civ. No.:   1:16-cv-7893

       -against-                             **COMPLAINT**

                                                 **JURY TRIAL DEMANDED**

WINEBOW INC.
                Defendant.

------------------------------------------------------------------------X

      Plaintiff Giovanni Miranda, by his attorneys Giskan Solotaroff & Anderson LLP, for his complaint against Defendant Winebow Inc., alleges as follows:

## Nature of the Action and Preliminary Statement

      1.     This is an action for retaliation in violation of the Family Medical Leave Act, 29 U.S.C. 2601 et seq. ("FMLA") and age discrimination in violation of the New York City Human Rights Law.

      2.     Plaintiff Miranda, who is 62 years old, had worked for Defendant Winebow Inc. ("Winebow") as a wine consultant for approximately 20 years. Mr. Miranda was consistently a strong performer. Yet, in the last two years approximately, Winebow also took several significant accounts from Mr. Miranda and assigned them to younger employees. In December

2015, Mr. Miranda went on FMLA leave so that he could undergo a hip replacement surgery. Thereafter, Winebow placed him on a series of performance improvement plans and, although Mr. Miranda satisfied the terms of the last plan, Winebow terminated his employment in August of 2016. At the time of his termination, Winebow's human resources personnel referenced his age and likened his termination to a retirement, even though Mr. Miranda had no intention of retiring.   Winebow assigned at least a part of Mr. Miranda's former territory to a younger employee.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FMLA claim pursuant to §107 of the FMLA and 28 U.S.C. §1331. This Court has jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367. Alternatively, this Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 based on diversity of citizenship between the parties and the amount in controversy exceeding $75,000.  This Court has personal jurisdiction over Defendant because Defendant employed Plaintiff in this district.

4. Venue is properly before this Court pursuant to 28 U.S.C. §1391(a) as a substantial part of the events giving rise to the claim occurred in this district.

## THE PARTIES

5. Plaintiff Giovanni Miranda is a 62 year old man who is domiciled in Brooklyn, New York.

6. Defendant Winebow Inc. is a corporation organized under the laws of Delaware with its principal place of business in Montvale, New Jersey.

## THE FACTS

7. Mr. Miranda has worked as a wine consultant for approximately 25 years. Since 1994, Mr. Miranda worked for Winebow.

8. Mr. Miranda has always been a strong performer. He received several sales awards and consistently received sales bonuses during his tenure at Winebow. Prior to exercising his right to FMLA leave, Mr. Miranda had never received a written warning or other discipline or been placed on a performance improvement plan.

9. Yet beginning in 2014, Winebow removed several significant accounts, including the Tao restaurant group, from Mr. Miranda's territory and assigned them to younger employees.

10. In December 2016, Mr. Miranda required a hip replacement surgery. Mr. Miranda applied for and was granted FMLA leave from December 14, 2015 to February 1, 2016.

11. During the period of FMLA leave, Mr. Miranda, working from home, was able to close several significant sales to his customers.

12. When Mr. Miranda returned to work in February 2016, he was immediately placed on a performance improvement plan. Winebow's placement of Mr. Miranda on such a plan was unprecedented insofar as even when Mr. Miranda had, in the past, occasionally missed his sales targets for a particular period, he was not placed on a plan.

13. After Mr. Miranda completed the first Performance Improvement Plan, in May 2016, Winebow placed him on a second performance improvement plan.  Mr. Miranda completed this plan on June 6, 2016.  According to an email from Mr. Miranda's supervisor, Chris Vitiello, Mr. Miranda met or exceeded four of the five metrics of the plan and missed the fifth, which was to sell 65 cases of certain wines, by only four cases.

14. On August 12, 2016, Winebow terminated Plaintiff's employment. At the meeting at which Mr. Miranda was informed of his termination, comments were made that indicate Winebow's ageist bias and discriminatory intent.

15. Catherine Jaros, the Winebow HR staff person that had been involved with the unfair performance improvement plans, likened Mr. Miranda's termination to a retirement, stating that Winebow's decision to not offer Mr. Miranda any severance benefits was consistent with its non-payment of severance to persons who had retired from the company. Ms. Jaros also stated that Mr. Miranda would be "fine" because he had a significant sum in his retirement account.

16. After Mr. Miranda's termination, at least one of his accounts was assigned to a younger consultant.

**FIRST CLAIM FOR RELIEF**
(Retaliation in Violation of FMLA)

17. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

18. Defendant discriminated and retaliated against Plaintiff based on his exercise of rights protected by the FMLA in violation of 29 U.S.C. §2615.

**SECOND CLAIM FOR RELIEF**
(Age Discrimination in Violation of the New York City Human Rights Law)

19. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

20. Defendant discriminated against Plaintiff in the terms and conditions of his employment based on his age in violation of the New York City Human Rights Law.

## JURY DEMAND

Plaintiff demands trial by jury of all issues as of right by a jury.

**WHEREFORE**, Plaintiff demands judgment against Defendant:

A. On the FMLA claim, awarding Plaintiff:

1. Damages equal to the amount of the wages, salary, employment benefits, and other compensation denied to Plaintiff;

2. Interest calculated at the prevailing rate;

3. Liquidated damages as provided by 29 U.S.C. §2617(a)(1)(iii);

4. Reasonable attorney's fees, reasonable expert witness fees and the costs of the action; and

B. On the New York City Human Rights Law claim:

1. Requiring Defendant to reinstate Plaintiff to the position he held prior to discharge, with all employee benefits incidental thereto; or in the alternative to award front pay;

2. Enjoining Defendant, upon Plaintiff's reinstatement, from discriminating against Plaintiff on the basis of age in the terms and conditions of his employment;

3. Awarding Plaintiff back pay;

4. Awarding Plaintiff compensatory damages, including but not limited to damages for emotional distress;

5. Awarding Plaintiff punitive damages;

6. Awarding reasonable attorneys' fees, costs, and expenses; and

Granting such other legal and equitable relief to the Plaintiff as the Court may deem just and equitable.

Dated: New York, New York
October 10, 2016

                GISKAN, SOLOTAROFF & ANDERSON LLP

By: _____/s/_____
    Jason L. Solotaroff
    Aliaksandra Ramanenka
    11 Broadway, Suite 2150
    New York, New York 10004
    646-964-9640
    ATTORNEYS FOR PLAINTIFFS